GEORGE E. MACGOWAN, JR., ADMR. *vs.* LOUIS H. SCHLOSBERG.

Cumberland.     Opinion, October 20, 1936.

*Richard S. Chapman,*
*Nathan W. Thompson,* for plaintiff.
*Robinson & Richardson,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, HUDSON, MANSER, JJ.

BARNES, J.    Plaintiff, as administrator of the estate of George E. Macgowan, deceased, brought suit in assumpsit.

The document declared on reads as follows:

"Portland, Maine
Dec. 1, 1926

To Whom It May Concern —

I owe Geo. E. Macgowan two thousand three hundred eight dollars and thirty cents, which I am to divide and pay in ten parts. Each part should be two hundred thirty dollars and eighty-three cents, which should be paid him before the first of January each year commencing January first, Nineteen hundred twenty-seven, until the total of two thousand three hundred eight dollars and thirty cents has been paid.

No payment was made on January first, Nineteen hundred twenty-seven, but was agreed between us to be paid sometime during the year Nineteen twenty-seven.

(Signed) L. H. Schlosberg

| | | |
|---|---|---|
| March 1—1927 | Cr by Cash | $267.50 |
| | (Alice) check | 92.50 |
| | cash | 175.00 |
| | | 267.50 |
| Jan. 23/30 | | 350.00 |
| | | 617.50 |
| | | 75.00 |
| LHS 692.50 | | 692.50 |

Friend George   This I think will answer our purposes—if you prefer another way, let me know on my return—
Schlosberg"

At the trial it was offered in evidence and was admitted over the objection of the defendant, giving rise to the first exception.

Defendant, conceding the signature to be genuine and the document admissible under the second count in the writ, waives this exception, as also the fourth and last, which was taken to the Court overruling a motion to transfer the case from law to equity.

Defendant offered in evidence a statement in eight paragraphs

of what the majority stockholder of the corporation owning the building, in which defendant was a tenant at the time the action accrued would state, if called as a witness, and the statement was admitted. Counsel then presented the defendant as a witness, claiming it to be his right to be heard because plaintiff was what is termed a party "nominal only" in R. S., Chap. 96, Sec. 119, Par. III. It may be said that generally, in his representative capacity, an administrator is a party to an action which he brings far more than "nominal only." It is the duty of an administrator to collect money due the estate, by suit if not otherwise collectible, and to distribute the same according to law.

"An executor, who sues as such, on a debt claimed to be due to the estate, cannot be a *nominal* party unless it appears that his testator or he, as executor, had or have no interest in the claim, but the interest is in another, or others, in whose name the action might have been brought or might be defended." *Drew* v. *Roberts*, 48 Me., 35.

Argument of defendant is upon the theory that, in the transaction which gave rise to defendant's promise to pay plaintiff's decedent, the defendant was acting as the representative or agent of the corporation named in the statement admitted, "seeking in connection therewith for personal advantage for himself."

Evidence of such bad faith must be clear, to the effect that such money as was paid, and further sums promised, were the property of and due to another than to the decedent, in order to place this plaintiff in the position of a nominal party.

We find no such evidence in the record, and hence rule that the plaintiff is more than a nominal party, and overrule this exception.

Finally, it is argued that on the record the burden of proving consideration was not sustained. With this contention we can not agree. The document, over defendant's signature, reads: "I owe George E. Macgowan (money) which I am to divide and pay in ten parts . . . which should be paid . . . until the total of it has been paid."

This language imports consideration. The record shows partial payments.

*Exceptions overruled.*
*Judgment affirmed with costs.*